UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDULAI SOW,

               Petitioner,

    v.

PAMELA BONDI et al.,

               Respondents.

CASE NO. 2:26-cv-00617-LK

ORDER FOR SUPPLEMENTAL BRIEFING

This matter comes before the Court on Petitioner Abdulai Sow's Petition for Writ of Habeas Corpus. Dkt. No. 4. As discussed below, the Court orders the parties to file supplemental briefing.

Sow is detained under 8 U.S.C. § 1231 because he is subject to a final order of removal. Dkt. No. 9 at 3; Dkt. No. 14 at 14. The relevant procedural history is as follows:

- On October 12, 2023, Sow had "a positive reasonable fear determination" regarding removal to Sierra Leone. Dkt. No. 10 at 3–4.

- On February 9, 2024, Sow "had a merits hearing on his application for withholding of removal and protection under the Convention Against Torture" ("CAT"), where he was "denied withholding of removal but granted deferral of removal under the Convention Against Torture." *Id.* at 4. Immigrations and Customs Enforcement ("ICE") appealed to the Board of Immigration Appeals ("BIA"). *Id.*

- On August 19, 2024, the appeal was sustained and Sow's proceedings were remanded back to the immigration judge. *Id.*

ORDER FOR SUPPLEMENTAL BRIEFING - 1

- On October 2, 2024, Sow "had another merits hearing before an immigration judge," who "again denied withholding of removal but granted deferral of removal under the [CAT]." *Id.*

- ICE again appealed to the BIA, which again sustained the appeal and remanded the proceedings. *Id.* at 4–5.

- "On September 15, 2025, an immigration judge . . . again denied withholding of removal but granted deferral of removal under the Convention Against Torture." *Id.* at 5.

- "ICE again appealed this decision to the [BIA]," and the "appeal remains pending at this time." *Id.*

Sow avers that his detention is indefinite under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because "[t]he government has not shown that it will prevail in a *third* appeal of his CAT relief or that Eswatini (or any other country) will accept him." Dkt. No. 14 at 2. Respondents argue that Sow's detention is not indefinite because the current proceedings are the reason he has not been removed and those "proceedings are definite and will come to an end." Dkt. No. 9 at 6.

Finding the issue insufficiently briefed, the Court ORDERS each party to file supplemental briefing on whether Sow's detention is indefinite under *Zadvydas* considering at least the following authority: *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006); *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008); *Castaneda v. Perry*, 95 F.4th 750 (4th Cir. 2024); *G.P. v. Garland*, 103 F.4th 898 (1st Cir. 2024); *Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 938–42 (D. Colo. 2025).[1]

Respondents' brief is due April 6, 2026. Petitioner's brief is due April 10, 2026.

Dated this 31st day of March, 2026.

Lauren King
United States District Judge

---

[1] The factors applied in *Arostegui-Maldonado* are the same as those applied in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

ORDER FOR SUPPLEMENTAL BRIEFING - 2